IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| DWAYNE ANDRE BLOUNT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Civil Action No. 3:08CV622-HEH |
| | ) |
| GREENBRIAR PONTIAC | ) |
| OLDSMOBILE—GMC TRUCKS | ) |
| KIA INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION
**(Denying Defendant's Motion to Dismiss or Transfer Venue)**

THIS MATTER comes before the Court on a Motion to Dismiss or, in the Alternative, Transfer Venue, filed on November 11, 2008, by Defendant Greenbriar Pontiac Oldsmobile-GMC Trucks Kia, Inc. ("Greenbriar"). The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid in the decisional process. For the reasons stated herein, Defendant's Motion will be denied.

## MOTION TO DISMISS FOR IMPROPER VENUE

This dispute arises from Plaintiff's purchase of a 2004 GMC Yukon Denali from Greenbriar on September 20, 2005. Plaintiff alleges that the Yukon Denali was transferred numerous times using falsified documents, including the odometer disclosure statement. Defendants in this action are five named corporations, two unnamed

corporations, and one individual. Plaintiff raises federal claims, conferring jurisdiction upon the Court under 28 U.S.C. §§ 1331 and 1367.

Greenbriar first contends that venue is improper in the Richmond Division. When a defendant objects to venue, the plaintiff bears the burden of establishing that venue is proper. *See Bartholomew v. Va. Chiropracters Ass'n, Inc.*, 612 F.2d 812, 816 (4th Cir. 1979). However, "to survive a motion to dismiss for improper venue when no evidentiary hearing is held, the plaintiff need only make a prima facie showing of venue." *Mitrano v. Hawes*, 377 F.3d 404, 405 (4th Cir. 2004).

In civil actions arising from federal questions, the Court looks to 28 U.S.C. § 1391(b) to determine the district in which venue is proper. Local Rule 3(c) of the United States District Court for the Eastern District of Virginia states that the "venue rules . . . also shall apply to determine the proper *division* in which an action should be filed." E.D. Va. R. 3(c) (emphasis added). When determining the division in which venue is proper, the Court should read 28 U.S.C. § 1391 *et seq.* "as if the terms 'judicial district' and 'district' were replaced with the term 'division.'" *Id.* In light of Local Rule 3(c), venue is proper in:

> "(1) a [division] where any defendant resides, if all defendant's reside in the same state, (2) a [division] in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a [division] in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. §1391(b).

Plaintiff has made a prima facie showing that a substantial part of the events giving rise to the claim occurred in the Richmond Division. Plaintiff asserts that the fraud was perpetuated in significant part by Sullivan Auto Trading, Inc., an automobile dealership located in Fredericksburg, Virginia, which is within the Richmond Division. E.D. Va. R. 3(b)(4). In deciding whether a substantial part of the events occurred within a district—or division—the Court should look not only to the final dispute that led directly to the action, but "the entire sequence of events underlying the claim." *Mitrano*, 377 F.3d at 405 (citing *Uffner v. La Reunion Francaise, S.A.*, 244 F.3d 38, 42 (1st Cir. 2001)). Showing that one part of a multi-faceted fraud occurred within the Richmond Division is sufficient to show "a substantial part of the events or omissions giving rise to the claim" occurred there. Plaintiff has therefore made a prima facie showing that venue is proper in the Richmond Division.

## MOTION TO TRANSFER

Even when venue is proper, a district court has the discretion to transfer a case to an alternate venue. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The court must weigh case-specific factors in consideration of "convenience and fairness." *See Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). "A party seeking such discretionary transfer 'bears the burden of demonstrating that the balance of convenience among the parties and witnesses is

3

strongly in favor of the forum to which transfer is sought.'" *Nossen v. Hoy*, 750 F. Supp. 740, 742 (E.D. Va. 1990) (quoting *Medicenters of Am., Inc. v. T & V Realty & Equip. Corp.*, 371 F. Supp. 1180, 1184 (E.D. Va. 1974)).

A court must consider several factors in determining whether or not to transfer a case pursuant to 28 U.S.C. § 1404(a). The Court must weigh "(1) Plaintiff's choice of forum; (2) the ease of access to sources of proof; (3) the convenience of parties and witnesses; (4) the interest of having local controversies decided at home; (5) and the interest of justice." *Coors Brewing Co. v. Oak Bev. Inc.*, 549 F. Supp. 2d 764, 772 (E.D. Va. 2008) (citing *Intranexus, Inc., v. Siemens Med. Solutions Health Serv. Corp.*, 227 F. Supp. 2d 581, 583 (E.D. Va. 2002)); *see also BHP Int'l Inv., Inc. v. Online Exch., Inc.*, 105 F. Supp. 2d 493, 498 (E.D. Va. 2000) (citing *Cognitronics Imaging Sys., Inc., v. Recognition Research Inc.*, 83 F. Supp. 2d 689, 696 (E.D. Va. 2000)).

In examining these factors, the Court finds each of these factors weighs in favor of the Plaintiff or weighs neutrally in the transfer analysis. Greenbriar has not satisfied its burden of showing that "the balance of convenience among the parties and witnesses is *strongly* in favor of the forum to which transfer is sought." *Medicenters*, 371 F. Supp. at 1184 (emphasis in original).

### A. *Plaintiff's Choice of Forum*

Plaintiff chose the Richmond Division to file his action and this choice is entitled to weight in the consideration whether to transfer. This factor does have less weight

when the Plaintiff chooses a foreign forum. *Bd. of Tr. v. Baylor Heating and Air Conditioning, Inc.*, 702 F. Supp. 1253, 1256 (E.D. Va. 1988). However, because the forum has a substantial nexus to the underlying action, the Plaintiff's choice cannot be completely discounted. This factor weighs in favor of maintaining venue in the Richmond Division.

## B.   *Convenience of Parties and Witnesses*

Greenbriar asserts that the "defendants reside within the Norfolk Division, the sources of proof are in the Norfolk Division, as are the witnesses." (Def.'s Memo. in Supp. of Mot., at 3.) However, at least one defendant, Sullivan, is located within the Richmond Division. Another, Wells Fargo Financial Virginia, Inc., has its registered agent in Richmond. The other Defendants, aside from Greenbriar, are located outside either division. No other Defendant joins Greenbriar in this motion. "If the result of transfer would only serve to shift the balance of inconvenience, then the motion to transfer venue will be denied." *Coors*, 549 F. Supp. 2d at 772 (citing *Baylor*, 702 F. Supp. at 1259).

Greenbriar further does not satisfy its burden in proving witness inconvenience. "When using this factor . . . the movant must identify the prospective witnesses and specifically describe their proposed testimony. This is 'necessary to enable the court to ascertain how much weight to give a claim of inconvenience.'" *Id.* (quoting *Baylor*, 702 F.Supp. at 1260). Greenbriar has not done so. Its motion did not identify particular

5

witnesses, their testimony, or the weight of their inconvenience. However, Plaintiff asserted by affidavit and exhibits that a number of significant witnesses would be more inconvenienced by the transfer to Norfolk. Neither the convenience of the parties nor the location of the witnesses has been shown to sufficiently weigh in favor of transfer.

### C.   *Additional Factors*

None of the additional factors used to judge convenience tip the scales in favor of transfer. The availability of process and the understanding of law are equal in both Divisions. Greenbriar has not met the burden of showing that the factors of fairness or convenience substantially favor the Norfolk Division.

### CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss, or in the Alternative, Transfer Venue will be denied.

An appropriate Order will accompany this Memorandum Opinion.

／s／
Henry E. Hudson
United States District Judge

Date: Feb. 3, 2009
Richmond, VA